IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA L. DiNICKLE, | ) | CASE NO. 1:13 CV 2061 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.    Nature of the case and proceedings**

Before me[1] is an action by Maria L. DiNickle under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 18. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 15.

[5] ECF # 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument and, therefore, the telephonic oral argument scheduled for September 24, 2014,[10] was canceled.[11]

**B.     Decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that DiNickle had the following severe impairments: status post cervical diskectomy and fusion, degenerative disc disease, and depression.[12]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding DiNickle's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find hat the claimant has the following residual functional capacity: she is able to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with sit/stand option; occasional postural activities such as climbing stairs and ramps, balancing, stooping, crouching, kneeling or crawling, except no climbing of ladders,

---

[6] ECF # 16.

[7] ECF # 19 (DiNickle's brief); ECF # 20 (Commissioner's brief); ECF # 21 (DiNickle's reply brief).

[8] ECF # 20-1 (Commissioner's charts).

[9] ECF # 19-1 (DiNickle's fact sheet).

[10] ECF # 22.

[11] ECF # 23.

[12] Transcript ("Tr.") at 39.

ropes and scaffolds; simple, routine and repetitive tasks; and work in an environment free of fast paced production requirements.[13]

The ALJ decided that this RFC precluded DiNickle from performing her past relevant work as a home health aide and a paperboard box maker.[14]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that DiNickle could perform.[15] The ALJ, therefore, found DiNickle not under a disability.[16]

**C.     Issue on judicial review and decision**

DiNickle asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, DiNickle presents the following issue for judicial review:

> The RFC finding includes a sit/stand option but contains no reference to the frequency of the alternating between sitting and standing. Does this omission deprive the RFC of the support of substantial evidence?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[13] *Id.* at 41.

[14] *Id.* at 48.

[15] *Id.* at 48-49.

[16] *Id.* at 49.

## Analysis

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[17]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[18] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

---

[17] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[18] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of the standard**

This case presents a narrowly drawn legal issue to be decided on undisputed facts.

The RFC finding reads: "sedentary work ... with a sit/stand option..." without further elaboration.[20] DiNickle argues that under Social Security Ruling 96-9p the assessment must be specific as to the frequency of the claimant's need to alternate between sitting and standing. Because the RFC finding here provides for a sit/stand option without more, DiNickle urges a remand for further elaboration.

DiNickle concedes that sit/stand at will would satisfy the 96-9p mandate. Both parties cite Judge Carr's opinion in *Perry v. Commissioner of Social Security*.[21] The RFC there provided that the claimant could sit or stand "while working."[22] Judge Carr found that RFC sufficient to sustain the RFC finding.[23] The Court concluded that "while working" should be interpreted as at the claimant's discretion.[24]

---

[20] Tr. at 41.

[21] *Perry v. Comm'r of Soc. Sec.*, No. 3:09CV1847, 2010 WL 7366775 (N.D. Ohio Sept. 27, 2010).

[22] *Id.*, at *4.

[23] *Id.*

[24] *Id.*

On this record, the adequacy of the sit/stand option included in the RFC does not rest on the language of the RFC alone. The ALJ posed a hypothetical to the VE that provided for "the opportunity to sit or stand as needed." In response the VE identified a substantial number of existing jobs. The transcript, therefore, contains substantial evidence for an as needed or at will qualifier of the sit/stand option had the ALJ included it in the RFC.[25] Any omission of "as needed" or "at will" from the RFC constitutes harmless error.[26] DiNickle argues notwithstanding that the ALJ, not the Court, should decide on a remand if the qualifier should be included in the RFC finding. The outcome would not change on remand, however.

## Conclusion

Substantial evidence supports the finding of the Commissioner that DiNickle had no disability. The denial of DiNickle's applications is affirmed.

IT IS SO ORDERED.

Dated: February 23, 2015                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[25] *Ketelboeter v. Astrue*, 550 F.3d 620, 626 (7th Cir. 2008), cited in *Perry*, 2010 WL 7366775, at *4.

[26] *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909 (N.D. Ohio 2004).